♦AO 245D  (Rev. 3/01) Judgment in a Criminal Case for Revocations
Sheet 1

FILED

# UNITED STATES DISTRICT COURT

2011 JUN -9 AM 7:51

CLERK US DIST...
SOUTHERN     District of    CALIFORNIA STRICT OF CALIFORNIA

BY _____ DEPUTY

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| V. | (For **Revocation** of Probation or Supervised Release) |
| THANG VIET HUYNH (1) | (For Offenses Committed On or After November 1, 1987) |

Case Number: 09CR2690-JLS

DONALD L. LEVINE
Defendant's Attorney

**REGISTRATION No. 10910298**

[x] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

THE DEFENDANT:
[x] admitted guilt to violation of allegation(s) No. TWO, THREE AND FOUR

[ ] was found in violation of allegation(s) No. _____ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
|---|---|
| 2 | Failure to complete community service (nv23) |
| 3 | Failure to be truthful and/or follow instructions (nv8) |
| 4 | Failure to pay tax for years 2003 through 2005 as instructed. |

Supervised Release is revoked and the defendant is sentenced as provided in pages 2 through __8__ of this judgment.
This sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

MAY 13, 2011
Date of Imposition of Sentence

*[signature]*

HON. JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE

09CR2690-JLS

AO 245B (Rev. 9/00) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: THANG VIET HUYNH (1)
CASE NUMBER: 09CR2690-JLS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

**TIME SERVED**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

09CR2690-JLS

DEFENDANT: THANG VIET HUYNH (1)
CASE NUMBER: 09CR2690-JLS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 9/00) Judgment in a Criminal Case
        Sheet 4 — Special Conditions

Judgment—Page __4__ of __8__

DEFENDANT: THANG VIET HUYNH (1)
CASE NUMBER: 09CR2690-JLS

## SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

[X] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[X] Provide copies of U.S. Individual Tax returns when requested.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[X] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[X] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 2 months.

[X] Complete  200  hours of community service in a program approved by the probation officer within

[ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

[X] Shall execute an installment agreement to pay tax for years 2003 through 2005 during his probation term if defendant cannot pay the full tax prior to sentencing.

[ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

AO 245S    Judgment in Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __8__

DEFENDANT: THANG VIET HUYNH (1)
CASE NUMBER: 2009CR2690-JLS

## RESTITUTION

The defendant shall pay restitution in the amount of ___$300,070.00___ unto the United States of America.

     This sum shall be paid   ___   immediately.
                                     _X_ as follows:

Pay restitution in the amount of $300,070.00, jointly and severally, through the Clerk, United States District Court, to the following victims in the amounts specified, at the rate of $50.00 per month.

(See Attachment)

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

_X_    The interest requirement is waived.

___    The interest is modified as follows:

2009CR2690-JLS

**GOVERNMENT RESTITUTION CHART FOR THANG VIET HUYNH**
**CASE NO. 09-CR-2690-JLS**

The government requests that Court order defendant THANG VIET HUYNH to pay total restitution of $300,070 to the following victims in the amounts specified, joint and several as specified:[1]

<u>Isle of Capri, Westlake</u>

$114,775 to Isle of Capri, 100 Westlake Avenue, Westlake, LA 70669, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $114,775 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Martin Lee Aronson | $114,775 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $114,775 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $101,160 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $114,775 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 700<br>DE 16 |
| Tuan Mong Le | $ 81,160 | 07-CR-1312-JAH | DE 440 |
| Hogan Ho | $108,510 | 08-CR-3040-JLS | DE 310 |
| Hop Nguyen | $ 64,488 | 09-CR-0228-WQH | DE 27 |

---

[1] Listed defendants have entered guilty pleas. Those already sentenced have Docket Entry for Judgment.

### Monte Carlo Resort and Casino

$24,225 to Monte Carlo Resort and Casino, 2770 Las Vegas Blvd. South, Las Vegas, NV 89109, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $24,225 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Martin Lee Aronson | $24,225 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $24,225 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Son Hong Johnson | $24,225 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 700<br>DE 16 |

### Beau Rivage Casino

$44,870 to Beau Rivage Casino, 875 Beach Blvd., Biloxi, MS 39530, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $44,870 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Phat Ngoc Tran | $44,870 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $44,870 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $44,870 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $44,870 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $44,870 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 700<br>DE 16 |
| Willy Tran | $44,870 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $44,870 | 07-CR-1312-JAH | DE 440 |
| Hop Nguyen | $21,000 | 09-CR-0228-WQH | DE 27 |

<u>Resorts East Chicago Casino</u>

$77,854[2] to Resorts East Chicago Casino, East Chicago, IN, c/o Nicolas R. Amato, Resorts International Holdings, Atlantic City Hilton Hotel and Casino, Boston and Boardwalk, Atlantic City, NJ 08401, joint and several with:

| <u>Defendant</u> | <u>Amount</u> | <u>Case No.</u> | <u>Judgment</u> |
|---|---|---|---|
| Phuong Quoc Truong | $77,854 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Phat Ngoc Tran | $77,854 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $77,854 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $77,854 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 700<br>DE 16 |
| Willy Tran | $77,854 | 07-CR-1312-JAH | DE 475 |

---

[2] The government's spreadsheet of restitution amounts due to victim casinos, calculates the loss to Resorts East at $1,563,775. Resorts East was reimbursed $511,300 by Federal Insurance. $1,563,775 - $511,300 = $1,052,475, the figure used. Resorts East Casino claimed a loss of $1,603,367, which is $39,592 more than the government's figure. Since Federal Insurance paid Resorts East for approximately 33% of the loss, restitution is split 67% to Resorts East and 33% to Federal Insurance. Thang Viet Huynh cashed out $116,200 at Resorts East. $116,200 X 67% = $77,854 in restitution to the casino and $38,346 to Federal Insurance. Although a CTR-C shows Han Truong Nguyen was at Resorts East, the casino is not listed as a victim for Restitution in his Judgment (DE 366), however Federal Insurance is listed for $808,300.

## Federal Insurance Co.

$38,346 to Federal Insurance Co., Mark Ross Esq., 600 Jefferson Street, Ste. 512, Lafayette, LA 70501, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $38,346 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Phat Ngoc Tran | $38,346 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $38,346 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $38,346 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 700<br>DE 16 |
| Willy Tran | $38,346 | 07-CR-1312-JAH | DE 475 |
| Han Truong Nguyen | $38,346 | 07-CR-1312-JAH | DE 366 |